UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAKISHA NASH,

        Plaintiff,

  v.

DUNGARVIN WISCONSIN LLC,

        Defendant.

Case No. 19-cv-1004-pp

---

**ORDER DENYING AS PREMATURE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 6), GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT NO. 3) AND ORDERING U.S. MARSHAL TO SERVE DEFENDANT**

---

The plaintiff, representing herself, filed a complaint under the Americans with Disabilities Act and Title VII of the Civil Rights Act. Dkt. No. 1. She also asked the court to allow her to proceed without prepaying the filing fee. Dkt. No. 3. Five months later, the defendant filed a motion to dismiss the complaint for lack of service. Dkt. No. 6. Because the court had not screened the complaint or authorized service, the court will deny as premature the defendant's motion to dismiss. The plaintiff, who is indigent, may proceed on her complaint alleging that the defendant terminated her employment on the basis of race, color and disability (bipolar disorder and heart disease). Id. at 4.

**I.    Defendant's Motion to Dismiss (Dkt. No. 6)**

The defendant asks the court to dismiss the complaint because the plaintiff failed to serve the defendant within the ninety days allowed by Federal

1

Rule of Civil Procedure 4(m). Under 28 U.S.C. §1915(e), a federal court must review a complaint filed by a person who asks to proceed without prepaying the filing fee, to make sure that the complaint is not frivolous or malicious, that it states a claim for which a federal court may grant relief and that it doesn't seek monetary relief from a defendant who is immune from such relief. Once the court reviews—or "screens"—an indigent plaintiff's complaint and determines that it may proceed, §1915(d) requires the *court* to issue and serve process. Until the court screens the complaint and grants the motion to proceed without prepaying the filing fee, it cannot issue and serve process. The plaintiff did not neglect to serve the defendant, and the defendant's motion for failure to serve is premature.

II.  **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)**

"Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees' . . . ." Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019). At the time the plaintiff filed the complaint, she was unemployed, unmarried and supporting her twenty-one-year-old son. Dkt. No. 3. The plaintiff's affidavit indicates that she receives $833 each month in Social Security benefits. Id. at 2. She pays $390 in rent and has other household expenses of $500. Id. In addition, she has medical and transportation expenses totaling $65. Id. at 3. The court finds that, at the time the plaintiff filed the complaint, she did not have the funds to prepay the $350 filing fee and the $50 administrative fee.

2

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). The plaintiff must pay the $350 filing fee as she is able.

### III. Screening the Complaint

In any case in which the court grants a plaintiff's request to proceed without prepaying the filing fee, the court "shall" dismiss the case "at any time" if it determines that the case is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The plaintiff filed her complaint on the form for employment discrimination provided by this district. Dkt. No. 1. She alleges that the defendant violated Title VII of the Civil Rights Act and the Americans with Disabilities Act of 1990 by terminating her employment based on her race, color and disability (bipolar disorder and heart disease). Dkt. No. 1 at 3-4. The plaintiff attached her notice of right to sue letter from the EEOC, which she says she received on April 30, 2019 (it is dated April 13, 2019). Id. at 5. She requests "compulsive and punitive damages in the amount of $300,000." Id. at 6.

The plaintiff filed the complaint within ninety days of receipt of the notice of right to sue and has stated claims under Title VII and the ADA. The plaintiff states a claim under Title VII, which prohibits an employer from discriminating on the basis of "race, color, religion, sex or national origin." Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018) (quoting 42 U.S.C. §2000e-2(a)). Similarly, she has stated a claim under the ADA by alleging that she was terminated—an adverse action—on the basis of her disability. 42 U.S.C. §12112(a). Although the plaintiff will have to demonstrate that the defendant is a covered entity and that she is a qualified person who could have performed her job with reasonable accommodations, such information is not requested on the form complaint. See Dkt. No. 1; see also Gogos v. AMS Mech. Sys., Inc., 737 F.3d 1170, 1172 (7th Cir. 2013).

## IV. Conclusion

The court **DENIES** as premature the defendant's motion to dismiss. Dkt. No. 6.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on the defendants under Fed. R. Civ. P. 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court or the U.S. Marshals Service.

The court **ORDERS** that the defendant must answer or otherwise respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The court **ORDERS** that plaintiff shall submit all correspondence and pleadings to:

United States District Court
Office of the Clerk
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The plaintiff must communicate only with the defendant's lawyer. The parties may not begin discovery (asking each other for documents) until after the defendant has answered or otherwise responded and the court has issued a scheduling order. The plaintiff should keep a copy of every document she files with the court. If the plaintiff's address changes, she must notify the court immediately; if she doesn't, she may not receive important notices and documents relating to her case. If the plaintiff does not file documents by the deadlines the court sets, the court could dismiss her case for failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**